IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| MICHEAL T. BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (**Jury Trial Demanded**) |
| BANK OF AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, complaining of the defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal an equitable relief under the Civil Rights Act of 1866, amended, 42 U.S.C. § 1981 (Section 1981. Plaintiff's claim arises from wrongful termination by defendant based on his race.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this suit being a proceeding seeking to enforce rights and remedies secured in Section 1981. Jurisdiction is also conferred upon this court by § 1331.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of defendant complained of herein violating rights secured to the plaintiff by Section 1981.

## II. PARTIES AND VENUE

4. Plaintiff is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

5. Plaintiff is informed and believes that the defendant, Bank of America Corporation is a Delaware corporation, authorized and doing business in North Carolina.

## III. FACTS

6. Plaintiff is an African-American male who was employed by defendant on August 16, 1999 as an assistant engineer.

7. Plaintiff is informed and believes that Bank of America Corporation is a financial institution which is incorporated in Delaware and provides financial services to citizens and businesses in Charlotte, North Carolina as well as other places in the United States and abroad.

8. During plaintiff's tenure as an employee with defendant, he received "met expectations" or "exceeded expectations" in his yearly performance evaluations and he received several recognitions.

9. Plaintiff worked without incident at defendant's Charlotte location from August 16, 1999 until April 16, 2004, when he was wrongfully terminated by defendant.

10. Plaintiff alleges that he was terminated solely on the basis of his race,

11. Plaintiff was terminated by defendant on April 16, 2004, for allegedly committing computer errors which caused functional problems.

12. Plaintiff alleges that his termination was discriminatory because white employees who committed the same or similar errors as he were not terminated,

## IV.  CLAIMS FOR RELIEF

### First Claim for Relief: Race Discrimination

13. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 12 herein.  Plaintiff maintains that he was terminated from his position with defendant for the purpose and with the effect of discriminating against him on the basis of his race.

14. By the actions described above, the defendant discriminated against the plaintiff on the basis of his race in violation of Section 1981.  The defendant discriminated against the plaintiff on the basis of his race with respect to the terns, conditions or privileges of his employment by wrongfully terminating his employment.  Similarly situated white employees of the defendant were not treated in the same manner as plaintiff.

15. Defendant's actions and omissions in violation of Section 1981 were undertaken willfully, wantonly and with reckless disregard for the plaintiff's rights, entitling him to compensatory and punitive damages in excess of $10,000.

## V.  DAMAGES

16. As a result of the discrimination and hostility claimed herein, plaintiff has suffered loss of earnings, mental anguish and distress.

17. By reason of defendant's extreme and outrageous actions, and as a proximate result thereof, the plaintiff has suffered, continues to suffer and has been damaged and has suffered losses in an amount in excess of $10,000.

## IV.  JURY TRIAL DEMANDED

18. Plaintiff hereby demands a trial by jury.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

b) Issue an injunction enjoining the defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with the defendant and at its direction from engaging in the unlawful practices set forth herein and any other practices shown to be in violation of Section 1981.

c) Award plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

d) Grant such other and further relief as may be just and necessary to afford complete relief to plaintiff.

This 15th day of April, 2008.

*/s/ Geraldine Sumter*
Geraldine Sumter (N.C. Bar No. 11107)
Ferguson Stein Chambers Gresham
    & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
(704) 375-8461 – Telephone
(704) 334-5654 – Facsimile
gsumter@fergusonstein.com – E-mail

Attorney for Plaintiff